O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Lisa Henderson,<br><br>        Plaintiff,<br><br>        v.<br><br>Michael J. Astrue,<br>Commissioner of Social<br>Security<br><br>        Defendant. | Case No. CV 07-8325-MLG<br><br>MEMORANDUM OPINION AND ORDER |

## I.    Procedural and Factual History

Plaintiff Lisa Henderson ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance benefits.  Plaintiff filed for Social Security Disability Insurance benefits on November 8, 2004. (Administrative Record ("AR") at 19).  She alleges disability beginning December 4, 2003, due to lumbar spine degenerative disc disease, lupus and depression.  (AR at 21).

Plaintiff was born on July 10, 1966 and was 39 years old at the time of the administrative hearing.  She completed a high school

education and two years of college. Plaintiff worked as an administrative assistant from 1991 to August 2000 at Verizon. (AR at 357-358). She received worker's compensation benefits from January 1996 through December 1996 for a back injury that occurred at work. (AR at 361).

On May 12, 2005, Plaintiff's application was denied at the initial stage of the administrative process. (AR at 19). A de novo hearing was held on April 26, 2006, before Administrative Law Judge ("ALJ") Charles D. Reite, at which Plaintiff, unrepresented by counsel, testified. (AR at 19). Plaintiff's husband, Ronald Henderson, also testified. (AR at 19). Sandra Trost testified as a vocational expert. (TR at 383).

On February 26, 2007, the ALJ issued an unfavorable decision. The ALJ determined that Plaintiff suffers from the severe impairments of lumbar spine degenerative disc disease and lupus. (AR at 21). The ALJ found that Plaintiff has a number of physical limitations as the result of these medical conditions, including restrictions on how much she can lift and carry, how long she can sit and stand, as well as restrictions on working outside, due to sensitivity to sunlight caused by Plaintiff's lupus. (AR at 23).

However, with respect to Plaintiff's claim of depression, the ALJ found that she did not have a "severe" impairment within the meaning of the Social Security regulations. (AR at 21); *see* 20 C.F.R. §404.1520(c). The ALJ found that Plaintiff could return to her past relevant work as an administrative assistant as it is generally performed in the national economy. (AR at 25). The ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, at any time from December 4, 2003 through the date of the

decision. (AR at 25). On October 26, 2007, the Appeals Council denied Plaintiff's request for review. (AR at 5-7).

Plaintiff timely commenced this action for judicial review. Plaintiff contends that the ALJ: (1) erroneously concluded that Plaintiff's mental impairment was not severe; and (2) did not properly consider the testimony of Plaintiff and her husband, in light of the record as a whole. The Commissioner disagrees and requests that the Commissioner's final decision be affirmed.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's non-severity finding to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II. <u>Standard of Review</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir.

---

[1] The court will only address the non-severity finding. However, as noted above, Plaintiff also challenges the ALJ's determinations regarding the credibility of Plaintiff's and her husband's testimony. Because the ALJ erred by finding Plaintiff's mental impairment non-severe, the Court does not reach this remaining issue and will not decide whether this issue would independently warrant relief.

3

2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. **Discussion and Analysis**

The Court agrees with Plaintiff that remand is warranted based on the ALJ's erroneous finding that her mental impairment was non-severe because that decision is not supported by substantial evidence. The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment

is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

Here, Plaintiff has offered sufficient evidence to demonstrate that her mental impairment has more than a minimal effect on her ability to perform work-related functions. In addition to Plaintiff's statements regarding her depression in the Disability Report[2], both the consulting physician and the reviewing state agency physician who evaluated Plaintiff's mental state found that she experienced some degree of depression. Although the physicians' assessments varied in terms of severity, both indicated a level of impairment that meets the "de minimis" requirement at this stage of the inquiry. *Smolen*, 80 F.3d at 1290. The ALJ simply did not persuasively explain why he rejected these findings.

For example, on May 2, 2005, State Agency consultive psychiatrist Dr. Christopher Ho performed a complete psychiatric evaluation of Plaintiff. Dr. Ho diagnosed the Plaintiff with depression. Dr. Ho observed that Plaintiff appeared mildly sad and indifferent, and was "tearful at times." Dr. Ho also gave the Plaintiff a Global Assessment of Functioning ("GAF") score of 50, which is generally indicative of serious mental impairments. Dr. Ho found that her prognosis was fair to guarded. (AR at 212-216).

The ALJ did not accept Dr. Ho's opinion "since it is not based on a treating relationship, and the narrative does not support the GAF score and conclusion. In addition, Dr. Ho finds [Plaintiff's]

---

[2] "I get really depressed often because of [sic] I can't do a lot of things. My illnesses and injury has [sic] changed my life physically and financially. I feel worthless and feel like a burden to my family." (AR at 83).

5

psychological condition to be based primarily on her physical impairments not psychologically based. Although Dr. Ho noted that the claimant was tearful at times, she also did not display many types of depressive symptoms such as hallucinations, and she was oriented times four and had appropriate affect." (AR at 21).

In reaching this conclusion, the ALJ improperly discounted Ho's opinion. Ho's clinical evaluation and conclusions constitute "objective clinical findings," even though based in part on Plaintiff's subjective complaints. Furthermore, Plaintiff need not display hallucinations, nor must the cause of her depression be "psychologically based," as opposed to being caused by her physical ailments, as the ALJ implies it must, in order to meet the *de minimis* step two severity threshold.

Second, the May 10, 2005 State Agency Mental Residual Functional Capacity Assessment and the May 10, 2005 State Agency Psychiatric Review Technique form found Plaintiff to have "moderate mental functional limitations on her ability to maintain concentration, persistence or pace." Again, the ALJ improperly rejected valid medical evidence of Plaintiff's mental impairment, because the opinions "are based only on a nonexamining relationship and are not supported by the record." (AR at 22). However, the reviewing physicians are, by definition, non-treating physicians, whose primary function is to examine the medical record. Therefore, this is not a valid reason for rejecting the opinion of the reviewing physician.

The ALJ placed significant weight on the fact that Plaintiff had "not had any mental health treatment aside from Dr. Ho's examination since the December 4, 2003 alleged onset date," and the fact that Plaintiff was not currently "taking any mental health medications."

(AR at 22). The ALJ, however, omitted a notation in Dr. Ho's report, where Plaintiff stated that "she was recommended to see a therapist but her insurance would not cover this." (AR at 213). Further, the Ninth Circuit has recognized that depression is "one of the most under-reported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Thus, the fact that Plaintiff "may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [the consulting and examining physicians'] assessment of claimant's condition is inaccurate." *Id*.

The only other factual evidence the ALJ identified in finding Plaintiff's mental impairment to be non-severe was Plaintiff's testimony that she could "pay bills, count change, handle a savings account and use a checkbook/money orders." (AR at 22). The ALJ found this fact consistent with Dr. Ho's opinion, but "inconsistent with moderate mental functional limitations and is evidence that she can perform complex tasks." (AR at 22).

Given the minimal threshold required to show that an impairment is severe, the ALJ's determination that Plaintiff's mental impairments are not severe was not supported by substantial evidence. First, the ALJ did not sufficiently articulate any reason to reject the objective findings of both the consulting and examining physicians. Plaintiff's impairments and complaints of depression are consistently and objectively documented in her medical records. Second, the factual evidence upon which the ALJ based his decision does not, without more, support a finding of non-severity. The ALJ appears not to have

considered the record as a whole, but instead emphasized only selective evidence which was unfavorable to Plaintiff. Accordingly, the ALJ's failure to find Plaintiff's mental impairment severe warrants remand for further proceedings and evaluation of Plaintiff.

**V.   Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows an impairment that can be considered "severe" within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing either her past work or some work in the national economy. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step

sequential process.

## ORDER

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated: September 12, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge